Lance P. Jasper, Esq.
Cory R. Laird, Esq.
REEP, BELL, LAIRD & JASPER, P.C.
P.O. Box 16960
2955 Stockyard Road
Missoula, Montana 59808-6960
Telephone: (406) 541-4100
Facsimile:  (406) 541-4101
Email:      jasper@westernmontanalaw.com
Email:      laird@westernmontanalaw.com

Attorneys for Defendant Paul O'Neill in his individual capacity

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ANA SUDA and MARTHA HERNANDEZ, | CV-19-10-GF-BMM |
| Plaintiffs, | |
| v. | **DEFENDANT CBP AGENT PAUL O'NEILL'S BRIEF IN SUPPORT OF 12(b)(6) MOTION TO PARTIALLY DISMISS PLAINTIFFS' COMPLAINT** |
| UNITED STATES CUSTOMS AND BORDER PROTECTION; CBP COMMISSIONER KEVIN K. MCALEENAN, in his official capacity; CBP AGENT PAUL O'NEAL, in his individual and official capacities; and JOHN DOES 1-25, in their individual and official capacities. | |
| Defendants. | |

COMES NOW, Defendant Paul O'Neill ("Mr. O'Neill")[1], by and

---

[1] Mr. O'Neill's motion and supporting brief are filed in his *individual capacity* only. The United States of America ("USA") represents Mr. O'Neill in his official capacity along with all other above-named defendants.  USA has filed a motion to dismiss under Rules 12(b)(1) & 12(b)(6) on behalf of Mr. O'Neill in his official capacity.  *See generally* Docs. 17–18, April 19, 2019. Of note, Plaintiffs' Complaint affirmatively alleges that Mr. O'Neill "is sued in his official capacity as an Agent in the Havre office."  Doc. 1 ¶ 20.  The body of Plaintiffs' Complaint does not contain any affirmative allegation that Mr. O'Neill is being sued in his individual capacity.

through his counsel of record, Lance P. Jasper and Cory R. Laird of Reep, Bell, Laird & Jasper, P.C., and pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure respectfully submits his brief in support of his motion to partially dismiss the Plaintiffs' Complaint.

## **INTRODUCTION**

Plaintiffs seek a declaration under 28 U.S.C. § 2201 that "race, accent, and language cannot create suspicion sufficient to justify seizure and/or detention, except where the seizure is based on a specific and reliable suspect description matching such characteristics." *See* Doc. 1, ¶ 95, Feb. 14, 2019. They similarly request that this Court "[p]reliminarily and permanently enjoin Defendants from stopping and/or detaining individuals on the basis of race, accent, and/or speaking Spanish, except where the seizure is based on a specific and reliable suspect description matching such characteristics." *Id.*, p. 16. However, Plaintiffs' request for declaratory and injunctive relief fails to state a claim upon which relief can be granted, and therefore, should be dismissed.

First, Plaintiffs seek retrospective declaratory relief, which cannot be afforded as a matter of law. Second, Plaintiffs lack standing to request prospective injunctive relief because their likelihood of future injury is purely speculative and neither imminent nor non-redressable through other legal

avenues.  The foregoing defects with Plaintiffs' request for *injunctive* relief renders their simultaneous request for prospective *declaratory* relief not yet ripe for adjudication.  As such, Plaintiffs' claim for declaratory and injunctive relief must be dismissed.

## PLAINTIFFS' FACTUAL ALLEGATIONS

For the purposes of this motion, Mr. O'Neill takes Plaintiffs' Complaint *as alleged*, withholding any position on the veracity of the allegations contained therein.

Plaintiffs allege that, on May 16, 2018, Mr. O'Neill detained Plaintiffs after encountering them at a Town Pump Convenience Store in Havre, Montana.  *Id.*  ¶ 8, 35.  According to Plaintiffs, Mr. O'Neill's sole basis for detaining Plaintiffs was that he heard them speaking Spanish.  *Id.* ¶¶ 9–10, 50–51.  Plaintiffs allege they were detained by Customs and Border Patrol ("CBP") for approximately forty (40) minutes.  *Id.* ¶ 62.

Plaintiffs assert that this detainment "is part of a longstanding pattern of abusive seizures and investigations by local CBP agents."  *Id.* ¶ 71.  This includes CBP agents within the Havre Sector targeting "Latinx[2] individuals without justification, often based on their race."  *Id.* ¶ 73.  One example of such behavior advanced by Plaintiffs, involves the unlawful seizure of five

---

[2] Plaintiffs allege that "Latinx is a gender-neutral term sometimes used in lieu of Latino or Latina."  Doc. 1, ¶ 7 n. 1.

(5) Latinx men in violation of the Fourth Amendment to the United States Constitution. *Id.* ¶ 74. A second example involves CBP agents detaining two (2) lawful immigrants for over twenty-four (24) hours. *Id.* ¶ 75. Further, Plaintiffs assert that Mr. O'Neill once interrogated another Latinx individual while at a social gathering. *Id.* ¶ 80. There are no allegations that Mr. O'Neill was acting in his official capacity as a CBP agent when he encountered this individual. Of note, none of these incidents involved Plaintiffs.

Finally, Plaintiffs allege they were singled out by a plain clothes CBP agent while dancing at a local bar in Havre, Montana in February of 2018 when he sent a text message to several other CBP agents that "There are two Mexicans at the bar." Doc. 1, ¶ 76–77. This incident did not result in the detainment of Plaintiffs or any official contact with CBP agents, nor are there any allegations that the CBP agent was acting within the course and scope of his duties as a CBP agent at the time the incident occurred. *Id.* ¶ 78. There are no allegations that Mr. O'Neill was present, participated in, or was even aware of this incident.

## **STANDARD**

Complaints must include a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

While a complaint attacked under Rule 12(b)(6) "does not need detailed factual allegations," it cannot survive if there exists only a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Dismissal under Rule 12(b)(6) is appropriate where "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Here, Plaintiffs' claim for declaratory and injunctive relief lacks factual allegations sufficient to survive a motion to dismiss.

## ARGUMENT

### I. Plaintiffs' Request for Declaratory and Injunctive Relief Fails to State a Claim Upon Which Relief Can Be Granted.

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Here, Plaintiffs allege that a "ripe and justiciable controversy exists with regard to the circumstances and legality of [their] detention." Doc. 1 ¶ 94. Therefore, Plaintiffs allege they "are entitled to a declaration in their favor . . . that race, accent, and language cannot create suspicion sufficient

to justify seizure and/or detention, except where the seizure is based on a specific and reliable suspect description matching such characteristics." *Id.* ¶ 95, p. 17. This Court is unable to afford such relief as a matter of law.

### A. Plaintiffs' Request for Retrospective Declaratory Relief Cannot Be Granted by this Court.

As stated above, Plaintiffs allege that a ripe and justiciable controversy exists regarding *the legality of their detention*. In doing so, they seek a declaratory judgment that Mr. O'Neill's seizure of them was violative of the Fourth Amendment. *Id.* ¶¶ 94–95 (emphasis added). That is, Plaintiffs seek a declaratory judgment that Mr. O'Neill's purported justification for detaining them is insufficient to form the requisite reasonable suspicion necessary to initiate an investigatory stop. *Id.* ¶¶ 9, 12 (citing language as a proxy for race). In short, Plaintiffs seek a declaratory judgment that Mr. O'Neill's alleged detention of them was unconstitutional.

Such a request seeks *retrospective* rather than *prospective* relief. *See National Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 n. 5 (9th Cir. 2002) ("[W]e consider declaratory relief retrospective to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred.") (quoting *People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1202 n. 2

(10th Cir. 2002)) (emphasis added).  This Court cannot provide such relief.

The United States Supreme Court has affirmed the dismissal of a plaintiff's request for retrospective declaratory relief when a declaratory judgment "would have much the same effect as a full-fledged award of damages." *Green v. Mansour*, 474 U.S. 64, 73–74 (1985) (holding "a declaratory judgment that respondent violated federal law in the past would have to stand on its own feet as an appropriate exercise of federal jurisdiction . . . [t]his it cannot do"); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997) (stating "[a] federal court cannot award retrospective relief, designed to remedy past violations of federal law") (internal citations omitted).  This is precisely the improper relief Plaintiffs seek and it cannot be awarded as a matter of law.

Furthermore, requests for retrospective declaratory relief fail when a claimant simultaneously asserts a claim under *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[3] for the same alleged constitutional violations.  *See Mendina v. Garcia*, 165 F. Supp. 3d. 861, 894 (N.D. Cal. 2016); *see also Davis*, 307 F.3d at 847 n. 5 (stating when a request for retrospective declaratory relief is intertwined with an identical request for monetary damages, the declaratory relief

---

[3] The court in *Bivens* recognized an independent cause of action for monetary damages when a federal official allegedly violates a plaintiff's constitutional rights. 403 U.S. at 397.

becomes "superfluous in light of the damages claim.") (internal citations and quotation marks omitted). This is the exact situation here.

Plaintiffs have advanced *Bivens* claims under both the Fourth and Fifth Amendments for Mr. O'Neill's detention of them on May 16, 2018. Doc. 1, ¶¶ 8, 14, 83, 89. In doing so, Plaintiffs seek an award of monetary damages. *Id.* p. 17. Plaintiffs' Fourth and Fifth Amendment claims seek monetary damages, which forecloses their ability to pursue declaratory relief. Further, Plaintiffs base their allegations regarding a ripe and justiciable controversy in the "circumstances and legality of [their] detention." *Id.* ¶ 94. This renders their declaratory relief retrospective in nature and outside the jurisdiction of this Court. Based on the foregoing, Plaintiffs' claim for retrospective declaratory relief should be dismissed.

### B. Plaintiffs Lack Standing to Request Prospective Injunctive Relief.

A litigant must establish standing for each form of relief sought. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). With respect to prospective injunctive relief, a litigant cannot achieve Article III standing unless they: (1) fulfill the Article III case or controversy requirement; and (2) "demonstrate a case or controversy . . . that would justify the equitable relief sought." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1041 (9th Cir. 1999) (internal citations and quotation marks

omitted). The Supreme Court has previously noted that Article III "case or controversy considerations obviously shade into those determining whether the complaint states a sound basis for equitable relief." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983) (internal citations and quotation marks omitted). However, for the purposes of this motion, Mr. O'Neill confines his argument to the second requirement-—*demonstrating a case or controversy that would justify the equitable relief sought.*[4] With this in mind, Plaintiffs cannot satisfy this requirement of Article III standing.

In order to demonstrate a case or controversy that justifies the equitable relief requested, a plaintiff must advance allegations sufficient to establish the "likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law." *Id.* That is, the "equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that plaintiffs will be wronged again." *Hodgers-Durgin*, 199 F.3d at 1042 (internal citations omitted). This inquiry is limited to allegations involving the named plaintiffs, with "any injury [others] may have suffered [being] simply irrelevant to the question [of] whether the named plaintiffs are entitled to the injunctive relief they seek." *Id.* at 1045. Plaintiffs have failed

---

[4] Mr. O'Neill reserves his right to contest Plaintiffs' satisfaction of the first requirement in subsequent filings with this Court.

to establish either a likelihood of substantial and immediate irreparable injury or an inadequacy of remedies at law.

Additionally, the United States Court of Appeals for the Ninth Circuit has found that separation of powers concerns are "relevant and significant" with respect to counseling against injunctive relief. *Id.* at 1043. Pursuant to this analysis, the United States Supreme Court has noted "it is not the role of the courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 349–50 (1996)). That is, the "distinction between the [courts and the political branches] would be obliterated if, to invoke intervention of the courts, no actual or imminent harm were needed, but merely the status of being subject to a governmental institution that was not organized or managed properly." *Id.*

The United States Court of Appeals for the Ninth Circuit explained that "the co-equal branches of the federal government are entitled to the widest latitude in the dispatch of their own internal affairs" finding that "[i]n the absence of a likelihood of injury to the named plaintiffs, there is no basis for granting injunctive relief that would restructure the operations of the Border Patrol and that would require ongoing judicial supervision of an agency normally, and properly, overseen by the executive branch." *Id.*

Defendant CBP Agent Paul O'Neill's Brief In Support Of 12(b)(6) Motion To Partially Dismiss Plaintiffs' Complaint.   Page 10.

(internal citations and quotation marks omitted). Indeed, such considerations are crucial to the proper adjudication of Plaintiffs' request for injunctive relief in this case. And, by applying these considerations, Plaintiffs' allegations regarding future injury are revealed as mere speculation and unsupported conclusions.

Here, Plaintiffs allege to have resided in Havre, Montana since 2010 and 2014, respectively. Doc. 1, ¶ 22. With the exception of the incident that forms the basis of this litigation, Plaintiffs have not alleged *any other incidents* which constitute formal detainments or even contacts with CBP agents. *See Id.* ¶ 8 (emphasis added). Thus, in their nine (9) and five (5) years in Havre, Montana, respectively, Plaintiffs have been subjected to only one (1) investigatory stop by CBP agents. This is insufficient to establish that there is a real or immediate threat that Plaintiffs will be "wronged again." *Hodgers-Durgin*, 199 F.3d at 1039, 1045 (denying a plaintiffs request for injunctive relief against CBP, in part, because he had been stopped only once in ten (10) years). That is, Plaintiffs' Complaint, *as alleged*, fails to establish the "likelihood of substantial and immediate irreparable injury" necessary to achieve Article III standing. *Lyons*, 461 U.S. at 103 (emphasis added). Consequently, their claim for injunctive relief must be dismissed.

The additional incidents contained in Plaintiffs' Complaint should be briefly discussed. First, Plaintiffs rely on an incident involving five (5) Latinx men in Havre, Montana, that was the subject of an opinion issued by the United States Court of Appeals for the Ninth Circuit. Doc. 1, ¶ 74. Second, Plaintiffs point to an incident that occurred in April of 2016 in Havre, Montana, and formed the basis of litigation that proceeded before this Court. *Id.* ¶ 75. Third, Plaintiffs' Complaint contains allegations regarding a social gathering in which Mr. O'Neill "interrogated another individual about her Mexican heritage." Doc. 1, ¶ 80.[5] As has been stated above, Plaintiffs cannot rely on incidents involving unnamed party's to support their entitlement to injunctive relief. *Hodgers-Durgin*, 199 F.3d at 1045. Consequently, these three (3) incidents *are wholly irrelevant to the question of whether Plaintiffs have properly established a claim for injunctive relief* and, thus, these alleged incidents should be disregarded by this Court.

Plaintiffs' Complaint contains allegations regarding only one (1) other incident in which they are personally involved. Plaintiffs allege that, while out dancing at a bar in Havre, Montana, a CBP agent, "also at the bar and in plain clothes, took photos of them and sent the photos to other agents with the message: 'There are two Mexicans at the bar.'" Doc. 1, ¶ 77.

---

[5] Plaintiffs' Complaint contains no allegations that Mr. O'Neill was acting within the scope and course of his duties as a CBP agent at that time, and, therefore, even if this incident involved Plaintiffs it cannot be properly or accurately described as a formal interrogation or detention by an agent of CBP.

Plaintiffs further allege that, *on information and belief*, they would have been detained by the agent had another agent who received the message not confirmed they were friends with his wife. *Id.* ¶ 78 (emphasis added). As a threshold matter, allegations made "on information and belief" are insufficient to survive a motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686, 678 (2009). Further, the allegations surrounding this alleged incident fail to establish: (1) that Plaintiffs were ever detained or even came into contact with CBP agents; or (2) that Mr. O'Neill was involved in the incident at all. Such allegations are insufficient to establish that Plaintiffs face any real or immediate threat of being wronged again.

      Finally, Plaintiffs themselves have already proceeded in a manner which establishes that there is not an "inadequacy of remedies at law" to right the wrongs they seek to prevent. Indeed, Plaintiffs have already recognized the availability of *Bivens* actions to seek redress for the alleged violation of constitutional rights by federal actors. Doc. 1, ¶ 14. That is, Plaintiffs have asked this Court to "[p]reliminarily and permanently enjoin Defendants from stopping and/or detaining individuals on the basis of race, accent, and/or speaking Spanish, except where the seizure is based on a specific and reliable suspect description matching such characteristics." *Id.*, p. 16. Yet, Plaintiffs themselves are currently maintaining a *Bivens*

action to seek redress for what they allege to be such a stop. These claims include leveling allegations that detainment on this basis can never occur with reasonable suspicion, and therefore, violate the Fourth and Fifth Amendments. *Id.* ¶¶ 11–12, 14, 65, 81–92. Thus, Plaintiffs have already availed themselves to the remedy the law provides for the allegedly unlawful detentions they seek to prevent through injunctive relief. This similarly prevents the issuance of injunctive relief.

An injunction cannot issue in these circumstances, in which there are "other avenues of relief open to [the Plaintiffs] for the serious conduct they assert, and the abrasive and unmanageable intercession which the injunctive relief they seek would represent." *O'Shea v. Littleton*, 414 U.S. 488, 504 (1974). As stated by the United States Court of Appeals for the Ninth Circuit in *Hodgers-Durgin*, "[w]hether the named plaintiffs are likely to be stopped again by the Border Patrol is simply too speculative to warrant an equitable judicial remedy . . . ." 199 F.3d at 1044. This is precisely the case here, and, consequently, Plaintiffs' claim for injunctive relief should be dismissed.

### C. Plaintiffs' Lack of Standing to Request Prospective Injunctive Relief Renders Their Request for Prospective Declaratory Relief Unripe.

Because Plaintiffs lack standing to seek prospective injunctive relief

from this Court, they likewise cannot seek prospective declaratory relief. "In suits seeking both declaratory and injunctive relief against a defendant's continuing practices, the ripeness requirement serves the same function in limiting declaratory relief as the imminent-harm requirement serves in limiting injunctive relief." *Id.* Thus, when Plaintiffs' claim for injunctive relief fails to establish a likelihood of future injury, it similarly "renders their claim for declaratory relief unripe." *Id.*

The United States Supreme Court recognized this principle in the context of "injunctions and imminency" and "declaratory judgments and ripeness" by stating "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* (citing *Texas v. United States*, 523 U.S. 296, 300 (1998)) (internal citations and quotation marks omitted). Thus, Plaintiffs' failure to properly plead their request for injunctive relief is fatal to their request for prospective declaratory relief. Consequently, it must be dismissed as a matter of law.

## **CONCLUSION**

Plaintiffs' claim for declaratory and injunctive relief under 28 U.S.C. § 2201 fails to state a claim upon which relief can be granted. First, Plaintiffs seek retrospective declaratory relief which cannot properly be afforded by

an Article III court. Second, Plaintiffs' request for prospective injunctive relief fails because of Plaintiffs' failure to establish a likelihood of substantial and immediate irreparable injury that cannot otherwise be remedied through existing legal processes. Finally, Plaintiffs' failure to properly assert their request for injunctive relief renders their claim for prospective declaratory relief unripe. Based on the foregoing, Mr. O'Neill respectfully requests that this Court dismiss Plaintiffs' claim for declaratory and injunctive relief leveled against him in his individual capacity.

DATED this 4th day of June, 2019.

REEP, BELL, LAIRD & JASPER, P.C.

By: /s/ Cory R. Laird
Attorneys for Defendant Paul O'Neill

Defendant CBP Agent Paul O'Neill's Brief In Support Of 12(b)(6) Motion To Partially Dismiss Plaintiffs' Complaint.

Page 16.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the following persons by the following means:

 1-6   CM-ECF
 ____  Hand Delivery
 ____  Mail
 ____  Overnight Delivery Service
 ____  Fax
 ____  E-Mail

1. Clerk, United States District Court for the District of Montana.

2. Alex Rate
   Elizabeth Ehret
   American Civil Liberties Union of Montana Foundation, Inc.
   P.O. Box1968
   Missoula, Montana 59806
   ratea@aclumontana.org
   ehrete@aclumontana.org

3. Danielle Coffman
   Crowley Fleck, PLLP
   1667 Whitefish State
   Kalispell, Montana 59901
   dcoffman@crowleyfleck.com

4. Cody Wofsy
   America Civil Liberties Union Foundation, Immigrants' Rights Project
   39 Drumm Street
   San Francisco, California 94111
   cwofsy@aclu.org

5. Omar C. Jadwat
   American Civil Liberties Union Foundation, Immigrants' Rights Project
   125 Broad Street, 18th Floor
   New York, New York 10004
   ojadwat@aclu.org

6. Victoria L. Francis
   Assistant U.S. Attorney
   U.S. Attorney's Office
   2601 2nd Avenue, North, Suite 3200
   Billings, Montana 59101
   victoria.francis@usdoj.gov

7. Chad C. Spraker
   Assistant U.S. Attorneys
   U.S. Attorney's Office
   901 Front Street, Suite 1100
   Helena, Montana 59626
   chad.spraker@usdoj.gov

DATED this 4th day of June, 2019.

                REEP, BELL, LAIRD & JASPER, P.C.

                By:  /s/ Cory R. Laird
                     Attorneys for Defendant Paul O'Neill

# CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies this Brief complies with LR 7.1(d)(2)(B). This brief contains 3347 words, excluding the caption, Certificate of Service and the Certificate of Compliance. The word count function in the word processing software used to prepare this Brief was relied upon for this calculation.

By: /s/ Cory R. Laird
Attorneys for Defendant Paul O'Neill