Cody Wofsy*
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
(415) 343-0785
cwofsy@aclu.org

Omar Jadwat*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2660
ojadwat@aclu.org

Alex Rate
Elizabeth K. Ehret
American Civil Liberties Union of Montana Foundation, Inc.
P.O. Box 1968
Missoula, MT 59806
Telephone: (406) 204-0287
ratea@aclumontana.org

Danielle Coffman
Crowley Fleck, PLLP
1667 Whitefish Stage
Kalispell, MT 59901
Telephone: (406)752-6644
dcoffman@crowleyfleck.com

*Admitted Pro Hac Vice

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ANA SUDA and MARTHA HERNANDEZ, <br><br> *Plaintiffs*, <br> v. <br><br> UNITED STATES CUSTOMS AND BORDER PROECTION, *et al.*, <br><br> *Defendants*. | Civil Action No. CV-19-10-GF-BMM <br><br> **OPPOSITION TO DEFENDANT O'NEILL'S MOTION TO DISMISS** |

Plaintiffs Ana Suda and Martha Hernandez respectfully submit this response to the motion to dismiss filed by Defendant Paul O'Neill in his individual capacity.

Like the motion to dismiss filed by the United States on behalf of defendants United States Customs and Border Protection ("CBP") and the official-capacity defendants, Defendant O'Neill does not contest that Plaintiffs' constitutional rights were violated. Instead, he challenges only Plaintiffs' ability to seek declaratory and injunctive relief. His motion should be denied as well.

Plaintiffs respectfully refer the court to the factual background and standard of review set forth in that filing. *See* Doc. No. 35. They will not repeat the arguments already made in their prior filing, and respond to Defendant O'Neill's motion to make three points.

*First*, Defendant O'Neill largely echoes the government's arguments against prospective relief. Plaintiffs have already responded to those arguments and incorporate their prior briefing herein. The only additional argument Defendant O'Neill advances is that the existence of Plaintiffs' damages claim means they cannot obtain an injunction. That is incorrect.

Plaintiffs have asserted claims that their constitutional rights will be violated in the future, and sought relief against such violations. "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (internal quotation marks omitted). Thus, the availability of damages is irrelevant to their entitlement to declaratory and injunctive relief. *See Stormans, Inc. v. Selecky*, 586

F.3d 1109, 1138 (9th Cir. 2009) (such claims are irreparable because "constitutional violations cannot be adequately remedied through damages") (internal quotation marks omitted).[1]

In any event, Plaintiffs have not sought such relief against Defendant O'Neill in his individual capacity, only in his official capacity. To the extent the Complaint might be read to include such prospective claims against him individually, Plaintiffs have no objection to the dismissal of those claims only as to Defendant O'Neill in his individual capacity.

*Second*, Defendant O'Neill argues against a claim of purely *retrospective* declaratory relief. But Plaintiffs have asserted no such claim. The declaration they seek is that "race, accent, and language cannot create suspicion sufficient to justify seizure and/or detention, except where the seizure is based on a specific and reliable suspect description matching such characteristics." Complaint, Doc. No. 1, at 17. Because Plaintiffs are, as previously explained, at serious risk of additional similar constitutional violations, the declaration they seek does not reduce to only a statement of the illegality of their prior seizure. *Cf. Mendia v. Garcia*, 165 F. Supp. 3d 861, 894 (N.D. Cal. 2016) (cited in Br. 7) (concluding

---

[1] *O'Shea v. Littleton*, 414 U.S. 488, 500, 502 (1974), on which Defendant relies, is inapposite: It rejected a proposed injunction amounting to "an ongoing federal audit of state criminal proceedings" where there were "available . . . procedures" which could prevent or cure "the wrongful conduct." The Court did not rely on the availability of damages.
3

Opposition to Defendant O'Neill's Motion to Dismiss

declaratory relief was purely retrospective because "Plaintiff does not allege these violations are ongoing").

Nor is there any bar to a declaration that covers both past and future illegal conduct. *See, e.g.*, *Lanier v. City of Woodburn*, 518 F.3d 1147, 1152 (9th Cir. 2008) (remanding for entry of declaration that policy was unconstitutional as applied to individual to whom it had previously been applied). The cases on which Defendant O'Neill relies in arguing to the contrary are about Eleventh Amendment state sovereign immunity from damages actions. *See Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 848 (9th Cir.), *opinion amended on denial of reh'g,* 312 F.3d 416 (9th Cir. 2002); *Green v. Mansour*, 474 U.S. 64, 73 (1985); *see also* Br. 7 (quoting concurring opinion in *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 288 (1997)). That doctrine—which is about suits against *states*—does not, in any event, apply to individual-capacity defendants like Defendant O'Neill. *See Ashker v. California Dep't of Corr.*, 112 F.3d 392, 395 (9th Cir. 1997).

*Third*, Defendant O'Neill points out that the Complaint states that he is sued in his official capacity but does not refer in the allegations to his individual capacity. Br. 1. That is an error; as the case caption makes clear, Plaintiffs have sued him "in his individual and official capacities." Complaint, Doc. No. 1, at 1. Indeed, Defendant O'Neill appears to recognize as much, as he has filed a motion to dismiss in his individual capacity but has not argued for dismissal on this basis.

Plaintiffs will amend the Complaint to confirm that Defendant O'Neill is sued in both capacities should the Court deem that step necessary.

## CONCLUSION

Defendant O'Neill's motion to dismiss should be denied.

Dated: June 25, 2019                    Respectfully submitted,

*/s/Cody Wofsy*
Cody Wofsy*
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
(415) 343-0785
cwofsy@aclu.org

Omar Jadwat*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2660
ojadwat@aclu.org

*/s/ Alex Rate*
Alex Rate
Elizabeth K. Ehret
American Civil Liberties Union of Montana Foundation, Inc.
P.O. Box 1968
Missoula, MT 59806
(406) 204-0287
ratea@aclumontana.org

Danielle Coffman
Crowley Fleck, PLLP
1667 Whitefish Stage
Kalispell, MT  59901
(406)752-6644
dcoffman@crowleyfleck.com

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via ECF on June 25, 2019, and directed to the following:

VICTORIA L. FRANCIS
Assistant U.S. Attorney
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-6101
FAX: (406) 657-6058
Email: victoria.francis@usdoj.gov

CHAD C. SPRAKER
Assistant U.S. Attorney
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: chad.spraker@usdoj.gov

CORY R. LAIRD
LANCE P. JASPER
Reep Bell Laird & Jasper
2955 Stockyard Road
Missoula, MT 59808
406-541-4100
Fax: 541-4101
Email: laird@westernmontanalaw.com, jasper@westernmontanalaw.com

DATED this 25th day of June, 2019.

*/s/ Cody Wofsy*
Cody Wofsy*
American Civil Liberties Union
Foundation
39 Drumm Street
San Francisco, CA 94111
(415) 343-0785
cwofsy@aclu.org

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points and contains 774 words, excluding the caption and certificates of service and compliance.

DATED this 25th day of June, 2019.

> */s/ Cody Wofsy*
> Cody Wofsy\*
> American Civil Liberties Union Foundation
> 39 Drumm Street
> San Francisco, CA 94111
> (415) 343-0785
> cwofsy@aclu.org