Cody Wofsy*
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
(415) 343-0785
cwofsy@aclu.org

Omar Jadwat*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2660
ojadwat@aclu.org

Alex Rate
Elizabeth K. Ehret
American Civil Liberties Union of Montana Foundation, Inc.
P.O. Box 1968
Missoula, MT 59806
Telephone: (406) 204-0287
ratea@aclumontana.org

Danielle Coffman
Crowley Fleck, PLLP
1667 Whitefish Stage
Kalispell, MT  59901
Telephone:  (406)752-6644
dcoffman@crowleyfleck.com

*Admitted Pro Hac Vice

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ANA SUDA and MARTHA HERNANDEZ,<br><br>*Plaintiffs*,<br>v.<br><br>UNITED STATES CUSTOMS AND BORDER PROECTION, *et al.*,<br><br>*Defendants*. | Civil Action No. CV-19-10-GF-BMM<br><br>**NOTICE REGARDING MOTIONS TO DISMISS** |

Plaintiffs Ana Suda and Martha Hernandez respectfully submit this notice to inform the Court about certain changes in Plaintiffs' circumstances.  Plaintiffs submit the notice in order to ensure that the Court is fully informed as it considers

Defendants' pending motions to dismiss, but, as explained below, the changed circumstances should not affect the Court's resolution of those motions.

At the time the Complaint was filed, Plaintiffs were longtime residents of Havre, Montana. Complaint, Doc. No. 1, ¶ 22. On May 16, 2018, they were unlawfully seized by a Customs and Border Protection agent, who explained that he had detained them for speaking Spanish while shopping in a local market. *Id*. at ¶¶ 34-52. Plaintiffs and others in Havre had been subjected to similar incidents before. *Id*. at ¶¶ 71-80. Plaintiffs sought damages as well as declaratory and injunctive relief. *Id*. at Prayer for Relief.

Defendants filed motions to dismiss. *See* Doc. Nos. 18, 30. The contested substance of those motions was a request that the Court dismiss the claims for prospective relief for failure to allege a sufficient likelihood that Plaintiffs would again be subjected to similar conduct. Plaintiffs responded, explaining that such arguments are premature at the motion to dismiss stage and the Complaint more than adequately supports proceeding to discovery on the prospective relief claims (along with the damages claim). *See* Doc. Nos. 35, 40. A hearing is set for October 2, 2019, at 1:30 p.m.

Since the Complaint was filed, life in Havre has been extremely difficult for Plaintiffs. Strangers, neighbors, and their children's classmates have expressed anger at Plaintiffs for their decision to pursue this litigation. The result has

compounded the effects of Plaintiffs' original detention—making them feel even more unwelcome in their own town.

As a result, both Plaintiffs are considering moving away from Havre. Ms. Suda is currently staying in Texas with family. Her husband, however, remains in Havre, living in their family home. Ms. Hernandez now spends about half the week in Great Falls, and the other half in Havre. Havre is currently a painful place for both women, but at this time both continue to have family and work-related connections with the town.

These changed circumstances do not bear on the current motions to dismiss. First, as noted, Plaintiffs' circumstances remain uncertain; they both still have strong ties to Havre, and may well return to living there full time. The recent developments therefore plainly do not moot their claims for prospective relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983) (holding that case was not moot because "[i]ntervening events have not irrevocably eradicated the effects of the alleged violation") (internal quotation marks omitted).

Second, Defendants brought *facial* motions to dismiss. They are therefore limited to the facts as alleged. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). The material facts of the complaint, on which the motions to dismiss rely, remain largely unchanged. Therefore, the motions pending before the Court are not affected by these changed circumstances. Rather, the effect, if any, of the post-

filing changes in Plaintiffs' circumstances may be addressed in discovery and summary judgment briefing as appropriate.

| | |
|---|---|
| Dated: September 16, 2019 | Respectfully submitted, |

*/s/Cody Wofsy*
Cody Wofsy*
American Civil Liberties Union Foundation
39 Drumm Street
San Francisco, CA 94111
(415) 343-0785
cwofsy@aclu.org

Omar Jadwat*
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2660
ojadwat@aclu.org

*/s/ Alex Rate*
Alex Rate
Elizabeth K. Ehret
American Civil Liberties Union of Montana Foundation, Inc.
P.O. Box 1968
Missoula, MT 59806
(406) 204-0287
ratea@aclumontana.org

Danielle Coffman
Crowley Fleck, PLLP
1667 Whitefish Stage
Kalispell, MT  59901
(406)752-6644
dcoffman@crowleyfleck.com

*Admitted Pro Hac Vice                    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served via ECF on September 16, 2019, and directed to the following:

VICTORIA L. FRANCIS
Assistant U.S. Attorney
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-6101
FAX: (406) 657-6058
Email: victoria.francis@usdoj.gov

CHAD C. SPRAKER
Assistant U.S. Attorney
901 Front Street, Suite 1100
Helena, MT 59626
Phone: (406) 457-5120
FAX: (406) 457-5130
Email: chad.spraker@usdoj.gov

CORY R. LAIRD
LANCE P. JASPER
Reep Bell Laird & Jasper
2955 Stockyard Road
Missoula, MT 59808
406-541-4100
Fax: 541-4101
Email: laird@westernmontanalaw.com, jasper@westernmontanalaw.com

DATED this 16th day of September, 2019.

                                            */s/ Cody Wofsy*
                                            Cody Wofsy*
                                            American Civil Liberties Union Foundation
                                            39 Drumm Street
                                            San Francisco, CA 94111
                                            (415) 343-0785
                                            cwofsy@aclu.org